UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER S. JOHNSON, | CASE NO. C23-5827 BHS |
| Plaintiff, | ORDER |
| v. | |
| OREGON MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Jennifer Johnson's Federal Rule of Civil Procedure 15(a) motion for leave to file a first amended complaint, Dkt. 7.

In December 2022, Johnson was involved in an automobile accident with an at-fault, under insured, motorist, Ashley Smith. Dkt. 1-2. In August 2023, Johnson sued her automobile insurer, Defendant Oregon Mutual Insurance Company, in Mason County Superior Court. She asserted a common law bad faith claim, an Insurance Fair Conduct Act (IFCA) claim, and a breach of contract claim seeking payment under her policy's under insured motorist (UIM) and personal injury protection (PIP) coverages. The policy has $100,000/$300,000 UIM coverage, and $10,000 PIP coverage. *Id*. Johnson did not

ORDER - 1

name Smith (a Washington resident) in her initial complaint, and did not allege whether she was under- or *un*-insured, or describe any effort to obtain Smith's insurance policy limits. Her proposed amended complaint does not address these issues, either, but does assert a negligence claim against Smith and seeks damages caused by the accident.

Oregon Mutual removed the case here, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. Johnson now seeks to amend her complaint under Rule 15(a), to add Smith as a defendant, and to assert a negligence claim against her. Dkt. 7.

Smith's joinder would destroy this Court's diversity jurisdiction over the case and require remand to state court. Oregon Mutual opposes amendment. Dkt. 9. It asserts that Johnson's counsel admitted that she was adding Smith primarily to avoid federal court, Dkt. 9 at 2, and argues that Johnson's effort to join Smith (and to destroy diversity) is addressed to the Court's discretion under 28 U.S.C. § 1447(e), rather than Rule 15(a)'s liberal amendment standard. Dkt. 9 at 3–4 (citing *Multistar Indus. v. Ocala*, No. 2:19-CV-0182-TOR, 2019 WL 4017245, at *4 (E.D. Wash. Aug. 26, 2019) ("Rule 15 cannot be used to add a non-diverse defendant and evade the court's § 1447(e) joinder discretion.")). Under § 1447(e), when a plaintiff seeks to join a non-diverse party after proper removal, the court may deny joinder, or permit joinder and remand the case.

Oregon Mutual correctly points out that courts evaluate six factors to determine whether to permit joinder under § 1447(e):

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended

1         solely to defeat federal jurisdiction; (5) whether the claims against the
new defendant appear valid; and (6) whether denial of joinder will
2         prejudice the plaintiff.

3 Dkt. 9 at 3 (citing *Falcon v. Scottsdale Ins. Co.*, No. CV-06-122-FVS, 2006 WL

4 2434227, at *3 (E.D. Wash. Aug. 21, 2006)).

5         Oregon Mutual concedes that the fifth factor—whether the new claims appear

6 valid—supports amendment. It argues that the five remaining factors support denial of

7 Johnson's motion.

8         First, it argues that Johnson's claims under her insurance policy do not overlap

9 with her claims against Smith. It is true that, unlike a typical UIM claim, this case

10 appears to also involve a coverage dispute. Johnson's bad faith claims are factually and

11 legally distinct from her negligence claim against Smith. But (if there is coverage—an

12 issue that is likely to be resolved before trial), the amount of damages Smith caused

13 Johnson is a factual issue common to each claim. Neither Johnson's motion nor her

14 proposed complaint address what, if any, insurance proceeds she has recovered from

15 Smith's insurer.

16         Second, Oregon Mutual correctly points out that the limitations period will not

17 expire until December 2025, so Johnson can sue Smith separately in state court. If it was

18 too late to sue Smith separately, this factor would strongly favor amendment. Because it

19 is not too late, this factor is neutral.

20         Unfortunately, Johnson's motion does not mention § 1447(e), or the factors

21 informing the Court's discretion. Nor has she filed a reply to Oregon Mutual's response

22 to her motion. Accordingly, it is not clear why Johnson did not name Smith initially, or

ORDER - 3

why she waited until the case was removed to try to do so. The third factor, the reason for the plaintiff's delay in naming the diversity-destroying party, does not support joinder.

Oregon mutual asserts that the fourth factor, Johnson's motivation for joining Smith, does not support joinder because Johnson's attorney concedes he wants to defeat federal jurisdiction. But Oregon Mutual has not persuaded the Court that this is Johnson's sole motivation; the proposed negligence claim against Smith is plausible and, if proven, could result in a judgment against her. Johnson's attorney's desire to avoid litigating this case in federal court is not fatal to his effort to join the at-fault driver.

The sixth factor is any prejudice to plaintiff. Oregon Mutual contends there is no prejudice to Johnson being in federal court, and that Johnson is free to pursue her negligence claim against Smith in state court. But the prejudice in having to litigate two cases instead of one is plain, and there is no prejudice to Oregon Mutual in having the main issue in a UIM case—the amount of Johnson's damages—determined in state court.

Under these factors on this record, Johnson's proposed joinder to add the diversity-destroying party is permitted under § 1447(e). Johnson's motion for leave to file a first amended complaint to add defendant Smith, Dkt. 7, is **GRANTED**, and that complaint, Dkt. 7 at 412, is **DEEMED FILED**.

Because there is no diversity of citizenship, this case is **REMANDED** to Mason County Superior Court.

**IT IS SO ORDERED**.

//

//

Dated this 2nd day of January, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge